


FILED

DEC 1 2 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                    DEPUTY CLERK

1  BENJAMIN B. WAGNER
   United States Attorney
2  KAREN A. ESCOBAR
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile:  (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8

9              IN THE UNITED STATES DISTRICT COURT

10             EASTERN DISTRICT OF CALIFORNIA

11

12  UNITED STATES OF AMERICA,          CASE NO.   1: 13 CR  0 0 4 2 9 AWI BAM

13                     Plaintiff,      VIOLATIONS: 21 U.S.C. §§ 841(a)(1),
                                       841(b)(1)(C), 846, 18 U.S.C. § 2 - Conspiracy to
14             v.                      Manufacture, to Distribute, and to Possess with the
                                       Intent to Distribute a Controlled Substance and
15  MIKHAEL ISSA KAMAR,                Aiding and Abetting; 21 U.S.C. §§ 841(a)(1),
    aka Michael Kamar,                 841(b)(1)(C), 18 U.S.C. § 2 – Distribution of a
16                                     Controlled Substance and Aiding and Abetting; 21
                       Defendant.      U.S.C. §§ 841(a)(1), 841(b)(1)(C); 18  U.S.C. § 2 -
17                                     Possession of a Controlled Substance with the Intent
                                       to Distribute and Aiding and Abetting; 21 U.S.C. §§
18                                     853, 881(a), and 881(a)(6), and 28 U.S.C. § 2461(c) -
                                       Criminal Forfeiture
19

20

21                       I N D I C T M E N T

22  INTRODUCTORY ALLEGATIONS

23      For purposes of this indictment:

24      **a. AM-694**

25  AM-694 is a synthetic cannabinoid that is a Schedule I controlled substance as of July 9, 2012.

26  Prior to that, it was controlled substance analogue under 21 U.S.C. § 802(32)(A).

27      **b. AM-2201**

28  AM-2201 is a Schedule I controlled substance as of July 9, 2012.  Prior to that, it was a

INDICTMENT                                1

controlled substance analogue under 21 U.S.C. § 802(32)(A).

**c. 4-FA**

4-FA, or p-fluoroamphetamine, is a controlled substance analogue under 21 U.S.C. § 802(32)(A).

**d. 4-FMC**

4-FMC is a controlled substance analogue under 21 U.S.C. § 802(32)(A).

**e. JWH-018**

JWH-018 is a Schedule I controlled substance.

**f. JWH-073**

JWH-073 is a Schedule I controlled substance.

**g. JWH-081**

JWH-081 is a Schedule I controlled substance as of July 9, 2012. Prior to that date, it was a controlled substance analogue under 21 U.S.C. § 802(32)(A).

**h. JWH-122**

JWH-122 is a Schedule I controlled substance as of July 9, 2012. Prior to that, it was a controlled substance analogue under 21 U.S.C. § 802(32)(A).

**i. JWH-203**

JWH-203 is a Schedule I controlled substance as of July 9, 2012. Prior to that, it was a controlled substance analogue under 21 U.S.C. § 802(32)(A).

**j. JWH-210**

JWH-210 is a controlled substance analogue under 21 U.S.C. § 802(32)(A).

**k. JWH-250**

JWH-250 is a Schedule I controlled substance as of July 9, 2012. Prior to that, it was a controlled substance analogue under 21 U.S.C. § 802(32)(A).

**l. 4-MEC**

4-MEC is a controlled substance analogue under 21 U.S.C. § 802(32)(A).

**m. 5-MeO-DALT**

5-MeO-DALT is a controlled substance analogue under 21 U.S.C. § 802(32)(A).

2

1  **n. RCS-4**

2  RCS-4 is a Schedule I controlled substance as of July 9, 2012.  Prior to that, it was a controlled

3  substance analogue under 21 U.S.C. § 802(32)(A).

4  **o.  XLR11**

5  XLR11 is a Schedule I controlled substance as of May 16, 2013.  Prior to that, it was a

6  controlled substance analogue under 21 U.S.C. § 802(32)(A).

7  COUNT ONE:  [21 U.S.C. §§  841(a)(1) and 841(b)(1)(C), and 846; 18 U.S.C. § 2 - Conspiracy to
   Distribute and to Possess with Intent to Distribute a Controlled Substance and Aiding
8  and Abetting]

9

10  The Grand Jury charges: T H A T

11                          MIKHAEL ISSA KAMAR,
                               aka Michael Kamar,
12

13  defendant herein, beginning at a time unknown, but no later than on or about March 1, 2011, and

14  continuing to on or about June 26, 2013, in the Counties of Kern and San Bernardino, within the State

15  and Eastern and Central Districts of California, and elsewhere, did knowingly and intentionally conspire

16  and agree, and/or aid and abet to conspire and agree, with other persons, known and unknown to the

17  Grand Jury, and/or aid and abet a conspiracy, to distribute and/or to possess with intent to distribute a

18  mixture and substance containing a detectable amount of one or more of the following:

19              a.   AM-694

20              b.   AM-2201

21              c.   4-FA

22              d.   4-FMC

23              e.   JWH-018

24              f.   JWH-073

25              g.   JWH-081

26              h.   JWH-122

27

28              i.   JWH-203

INDICTMENT                                    3

j.   JWH-210

k.   JWH-250

l.   4-MEC

m.   5-MeO-DALT

n.   RCS-4

o.   XLR11

which are classified as controlled substance analogues, knowing that the substances were intended for human consumption, as provided in Title 21, United States Code, Section 813, or Schedule I controlled substances.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846, and Title 18, United States Code, Section 2 .

COUNT TWO:   [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and; 18 U.S.C. § 2 – Distribution of Controlled Substances and Aiding and Abetting]

The Grand Jury further charges: T H A T

MIKHAEL ISSA KAMAR,
aka Michael Kamar,

defendant herein, beginning at a time unknown, but no later than on or about March 1, 2011, and continuing to on or about June 26, 2013, in the County of Kern, within the State and Eastern District of California, and elsewhere, did knowingly and intentionally distribute, and aid and abet the distribution of, a mixture and substance containing a detectable amount of one or more of the following:

a.   AM-694

b.   AM-2201

c.   4-FA

d.   4-FMC

e.   JWH-018

f.   JWH-073

g.   JWH-081

INDICTMENT

4

h.   JWH-122

i.   JWH-203

j.   JWH-210

k.   JWH-250

l.   4-MEC

m.   5-MeO-DALT

n.   RCS-4

o.   XLR11

which are classified as controlled substance analogues, knowing that the substances were intended for human consumption, as provided in Title 21, United States Code, Section 813, or Schedule I controlled substances,

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2 .

COUNT THREE:        [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2 – Possession with Intent to Distribute Controlled Substances and Aiding and Abetting]

The Grand Jury also charges: T H A T

MIKHAEL ISSA KAMAR,
aka Michael Kamar,

defendant herein, beginning at a time unknown, but no later than on or about March 1, 2011, and continuing to on or about June 26, 2013, in the County of Kern, within the State and Eastern District of California, and elsewhere, did knowingly and intentionally possess with the intent to distribute, and aid and abet the possession with intent to distribute, a mixture and substance containing a detectable amount of one or more of the following:

a.   AM-694

b.   AM-2201

c.   4-FA

d.   4-FMC

e.   JWH-018

f.   JWH-073

g.   JWH-081

h.   JWH-122

i.   JWH-203

j.   JWH-210

k.   JWH-250

l.   4-MEC

m.   5-MeO-DALT

n.   RCS-4

o.   XLR11

which are classified as controlled substance analogues, knowing that the substances were intended for human consumption, as provided in Title 21, United States Code, Section 813, or Schedule I controlled substances,

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2 .

FORFEITURE ALLEGATION:        [21 U.S.C. §§ 853, 881(a), and 881(a)(6), and 28 U.S.C. § 2461(c) - Criminal Forfeiture]

The Grand Jury further alleges THAT:

The allegations set forth in the above Indictment are incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture pursuant to 21 U.S.C. §§ 853, 881(a), and 881(a)(6), and 28 U.S.C. § 2461(c).

Pursuant to one or more of the following: 21 U.S.C. §§ 853, 881(a)(6), and 28 U.S.C. § 2461(c), and upon conviction of one or more of the offenses alleged in this Indictment, any property, real or personal, which constitutes, or is derived from, or is traceable to the proceeds obtained directly or indirectly from the commission of the criminal conduct, or scheme, or conspiracy, alleged in this Indictment; or any property traceable to such property, shall be forfeited to the United States, including but not limited to the following:

1.  Approximately $2,676,000.00 in U.S. Currency

2.  Approximately $5,857.00 in U.S. Currency

3.  Real Property located at 1111 21st Street, Bakersfield, California APN: 005-262-01

Pursuant to one or more of the following: 21 U.S.C. §§ 853, 881(a), and 28 U.S.C. § 2461(c), and upon conviction of one or more of the offenses alleged in this Indictment, any property, real or personal, that constitutes, or is derived from, or is traceable to the proceeds obtained directly or indirectly from the commission of the criminal conduct, or scheme, or conspiracy alleged in this Indictment; or that is used or is intended to be used to facilitate or used commit the criminal conduct, or scheme, or conspiracy alleged in this Indictment; or is involved in or intended to be involved in the criminal conduct, or scheme, or conspiracy alleged in this Indictment; or any property traceable to such property, shall be forfeited to the United States, including but not limited to the following:

1.  Approximately $2,676,000.00 in U.S. Currency

2.  Approximately $5,857.00 in U.S. Currency

3.  Real Property located at 1111 21st Street, Bakersfield, California APN: 005-262-01

Pursuant to 21 U.S.C. §§ 853, 881(a), and 881(a)(6), and 28 U.S.C. § 2461(c), if any property subject to forfeiture, as a result of any act or omission of defendant(s) or agents of defendant(s) or upon direction by the defendant(s):

       a.     cannot be located upon the exercise of due diligence;

       b.     has been transferred or sold to, or deposited with, a third party;

///

///

INDICTMENT

7

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of any other property of the defendants, up to the value of the property subject to forfeiture, including but not limited to a personal forfeiture money judgment, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c).

A TRUE BILL.

/s/ Signature on file w/AUSA

FOREPERSON

KEVIN P. ROONEY for

MARK E. CULLERS
Assistant United States Attorney
Chief, Fresno Office

INDICTMENT

8